PEOPLE v LARKINS

OPINION OF THE COURT

1. COURTS—PLEA OF GUILTY—SENTENCES—MAXIMUM SENTENCE—CON-
   SECUTIVE SENTENCE—INFORMATION TO DEFENDANT.

   A court in addressing a defendant and informing him of the
   maximum sentence and the mandatory minimum sentence for
   the offense to which a plea of guilty is offered is not required to
   inform the defendant that a sentence could be imposed consecu-
   tively, where a statute allows a consecutive sentence at the
   discretion of the court.

2. APPEAL AND ERROR—COURTS—PLEA OF GUILTY—NONEXISTENT OF-
   FENSE—PLEA BARGAINING.

   Accepting a plea of guilty to a nonexistent offense as a result of a
   plea-bargaining process does not mandate reversal automati-
   cally but such a practice should not be encouraged.

   CONCURRENCE IN PART, DISSENT IN PART BY MCGREGOR, J.

3. COURTS—COURT RULES—PLEA OF GUILTY—NATURE OF CHARGE—
   NONEXISTENT OFFENSE—STRICT ADHERENCE—APPEAL AND ER-
   ROR.

   *It is impossible for a court, as is required by court rule, to
   personally address a defendant and inform him of and deter-
   mine that he understands the general nature of the charge to
   which he is pleading guilty, when no such offense exists (GCR
   1963, 785.7[1][a]).*

Appeal from Jackson, John C. Dalton, J. Submit-
ted Division 2 January 10, 1975, at Lansing.
(Docket No. 20656.) Decided February 25, 1975.
Leave to appeal denied, 394 Mich 790.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 547.
[2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
[3] 21 Am Jur 2d, Criminal Law § 487 *et seq.*

Richard Larkins was convicted, on his plea of guilty, of attempted assault with intent to commit gross indecency. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and McGREGOR and D. F. WALSH, JJ.

PER CURIAM. While in prison on a prior, unrelated offense, the defendant was charged with assault with intent to commit gross indecency, MCLA 750.85; MSA 28.280. Pursuant to an agreement with the prosecuting attorney the defendant on July 5, 1973, pled guilty to the lesser offense of attempted assault with intent to commit gross indecency and was sentenced to a term in prison of from 1 to 5 years to be served consecutively with his current term. He appeals as of right raising two issues, neither of which require reversal.

Defendant first claims that the trial court committed reversible error in failing to inform him that his sentence for the instant offense, at the discretion of the court, could be imposed consecutively.

From June of 1967 until June of 1973 our Supreme Court, with the cooperation and participation of the bench and bar of Michigan, was involved in an exhaustive study of the plea-taking

process.[1] The result was the adoption of an amended GCR 1963, 785, which became effective June 1, 1973.

While this rule was in the process of development the Supreme Court considered and rejected language in the ABA *Standards Relating to Pleas of Guilty* which required the court to inform the defendant of the possible effect on the maximum sentence resulting from the imposition of consecutive sentences.[2]

A comparison of the relevant sections of the ABA *Standards Relating to Pleas of Guilty* (Approved Draft, 1968), and GCR 1963, 785, as amended effective June 1, 1973, is illustrative.

ABA Standards:

"1.4 Defendant to be advised by court.

"The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and * * *

"(c) informing him:

"(i) of the maximum possible sentence on the charge *including that possible from consecutive sentences;* (Emphasis added.)

"(ii) of the mandatory minimum sentence, if any, on the charge;"

GCR 1963, 785.7:

---

[1] *See People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), where the court stated at page 432:

"We, the Bench and Bar of Michigan, have invested untold hours of effort in an attempt to devise a rule for the taking of guilty pleas which will fairly and finally dispose of over 75% of our criminal cases. In the latest amendment to our court rule dealing with this subject [GCR 1963, 785.1 *et seq.,* eff 6/1/73] we have detailed certain steps necessary to the proper taking of a guilty plea and provided that failure to follow the rule will constitute reversible error. We intend thereby to assure the corollary that observance of the rule will result in unassailable conviction."

[2] *See People v Rufus Williams,* 386 Mich 277; 192 NW2d 466 (1971), *Appendix, Suggested Guilty Plea Taking Guidelines,* (8).

"(1) Advice by the Court. The court shall not accept a plea of guilty or nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following:
"(b) the maximum sentence and the mandatory minimum sentence, if any,. for the offense to which the plea is offered;"

During the plea taking proceeding the following colloquy took place between the court and the defendant.

*"The Court:* [T]he maximum penalty for this offense is five years. Do you understand that?
*"The Defendant:* Yes."

This complies with the rule. We decline therefore to add by judicial construction what the Supreme Court omitted in drafting.

Defendant next argues that it was reversible error to accept a plea to the non-existent offense of attempted assault with intent to commit gross indecency. We disagree. Accepting a guilty plea to a non-existent or so-called paradoxical offense as a part of the plea bargaining process does not automatically mandate reversal. *People v Hooper,* 58 Mich App 132; 227 NW2d 250 (1975). Although this practice should not be encouraged, we do not find that the ends of justice require reversal here.

Affirmed.

McGREGOR, J., *(concurring in part and dissenting in part).* While I agree with the treatment of the sentencing issue, I dissent on the grounds that the trial court erred in accepting the defendant's plea to a non-existent offense.

The practice of accepting guilty pleas to so-called non-existent or paradoxical offenses has been recently approved in *People v Hooper,* 58 Mich App 132; 227 NW2d 250 (1975). Although prosecutors have been cautioned against such

practices, I fear that the number of pleas to offenses which have not been specifically defined by statute is growing. While the defendants in such cases, as in the case at bar, have been treated fairly and are receiving the benefit of such pleas, the practice is not in compliance with GCR 1963, 785.

GCR 1963, 785.7(1) (a) states that the trial court is required to advise the defendant of the general nature of the charge to which the plea is offered. It is impossible for the court personally to address the defendant and inform him of and determine that he understands the general nature of the charge to which the plea is offered, when no such offense exists. *People v Banks,* 51 Mich App 785; 216 NW2d 461 (1974).

While I believe that a defendant is not prejudiced by such a practice, the Supreme Court made patently and painfully clear that strict adherence to the requirements of the rule is mandatory and that neither substantial compliance nor the absence of prejudicial error will be deemed sufficient. *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974).

Prosecutors who engage in the practice of allowing defendants to plead to non-existent offenses risk not only reversal of the plea but the discharge of the defendant on remand, where there are no lesser included offenses of the charged offense upon which to prosecute the defendant. *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), *cert den* 414 US 1080; 94 S Ct 599; 38 L Ed 2d 486 (1973).

It is my hope that the Supreme Court will grant leave in this or another case which raises the issue of the propriety of accepting a plea to a non-existent or paradoxical offense.

I respectfully dissent.