PEOPLE v BENNETT

1. CRIMINAL LAW—PLEA OF GUILTY—UNDERSTANDING PLEAS—MAXIMUM SENTENCES—CONSECUTIVE SENTENCES—COURT RULES.

   The court rule which requires that a trial court inform a criminal defendant of the maximum possible prison sentence for an offense before the defendant can make an understanding plea to a charge involving that offense does not require that the defendant be advised of the possibility of consecutive sentences where the defendant is entering pleas to more than one charge (GCR 1963, 785.7).

2. CRIMINAL LAW—PLEA OF GUILTY—SENTENCES—CONSECUTIVE SENTENCES—HABITUAL OFFENDERS—MAXIMUM SENTENCES—STATUTES.

   A defendant who entered pleas of guilty to two criminal charges, in consideration of the prosecution agreeing not to charge the defendant as a habitual offender, did not have his plea agreement completely negated by the imposition of consecutive sentences on the two offenses which resulted in an effective minimum of six years and an effective maximum of nine years where, had a supplemental information been filed charging the defendant as a habitual offender under the habitual offender statute on the second of the two charges, the defendant could have received a minimum sentence of 7-1/2 years on the second offense (MCLA 769.10; MSA 28.1082).

Appeal from Oakland, Richard D. Kuhn, J. Submitted May 3, 1977, at Lansing. (Docket Nos. 30105, 30106.) Decided June 8, 1977.

Donald E. Bennett was convicted, on his pleas of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 484 *et seq.,* 546–551.

Sentences by different courts as concurrent. 57 ALR2d 1410.

Courts' duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

guilty, of larceny in a building and of larceny over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Division, and *Michael J. Modelski,* Assistant Appellate Counsel, for the people.

*Keller & Avadenka, P. C.,* for defendant.

Before: DANHOF, P. J., and R. B. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant appellant Donald Eugene Bennett was charged with committing larceny in a building (MCLA 750.360; MSA 28.592) on January 10, 1976, and larceny over $100 (MCLA 750.356; MSA 28.588) on March 5, 1976. In two separate proceedings on May 28, 1976, appellant pled guilty to the two charges. At the time of the pleas, an agreement between the prosecutor, defense counsel and defendant was stated for the record to the effect that in consideration of the pleas of guilty to both charges, the prosecutor would not charge the defendant as a habitual offender. The defendant was not informed during the plea-taking process that the sentences could be either concurrent or consecutive in the discretion of the court.

On June 29, 1976, appellant was sentenced to a term of imprisonment of 32 months to 4 years on the charge of larceny in a building and to a term of 40 months to 5 years on the charge of larceny over $100. The two terms were ordered to be served consecutively.

GCR 1963, 785.7 provides in pertinent part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(1) An Understanding Plea. Speaking directly to the defendant, the court shall tell him:

\* \* \*

"(b) the maximum possible prison sentence for the offense;

"(c) if he has been previously convicted of a felony, he may be charged as a habitual offender and the maximum possible sentence may be increased;".

Defendant appeals his conviction, asserting (1) that the trial court did not advise him of the maximum possible prison sentence for the offense, and (2) that the imposition of the consecutive sentence effectively negated the plea agreement.

## I

In *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), the Court noted:

"The rule does not require the judge to inform the defendant of all sentence consequences—only the maximum sentence, any mandatory minimum and, as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee."

If this were a case of first impression, defendant's arguments would be appealing. The possibility of a consecutive sentence certainly does affect the "maximum sentence" which a defendant may effectively be called upon to serve. While the trial judge may not be required to inform the defendant of the possibility of his being placed on probation, perhaps requiring that some time in the county jail be spent as a condition of probation, the possibility of a delay of sentence, and whatever other consequences may flow from a conviction, fundamental fairness does seem to suggest that a defendant be notified at the time of his arraignment

and plea of guilty as to the total maximum time that he might be required to serve.

However, if a defendant must be advised of the possibility of a consecutive sentence, such a requirement must come from the Supreme Court either by way of amendment to GCR 1963, 785.7, or by case law. *People v Larkins,* 59 Mich App 199; 229 NW2d 378 (1975), argues convincingly that the Supreme Court deliberately left out of GCR 1963, 785.7 the requirement that the trial court advise a defendant of the possibility of consecutive sentences. We feel constrained to agree.

## II

If a supplemental information had been filed against the defendant charging the felonious larceny as a second offense, the defendant could have received any determinate or flat sentence up to 7-1/2 years as a habitual offender, MCLA 769.10; MSA 28.1082, *People v Redwine,* 73 Mich App 83; 250 NW2d 550 (1976), and cases cited therein. In fact, he is now sentenced to an effective minimum of 6 years and an effective maximum of 9 years. Under the circumstances it cannot be argued that he has totally lost the benefit of his plea bargain.

Affirmed.