PEOPLE v BOSWELL

Docket No. 78-2504. Submitted October 16, 1979, at Detroit.—Decided January 10, 1980.

Lloyd Boswell was convicted, upon his plea of guilty, of armed robbery and possession of a firearm in the commission of a felony, Wayne Circuit Court, George T. Martin, J. The defendant was sentenced to a term of eight years to life imprisonment on the armed robbery conviction and to the mandatory two-year prison term on the felony-firearm conviction. The defendant appeals, alleging that 1) the felony-firearm statute is unconstitutional, 2) the felony-firearm statute is inapplicable when the firearm involved belonged to the complainant rather than the defendant, 3) the trial court failed to establish a sufficient factual basis to support the plea on the felony-firearm charge since the gun was temporarily inoperable, 4) reversal is required because the trial judge failed to inform the defendant that no adverse inference could be drawn from his silence if he had a trial and chose not to testify, and 5) that the sentence of eight years to life imprisonment was invalid under the indeterminate sentence statute. *Held:*

1. The felony-firearm statute is constitutional.

2. The defendant was carrying the gun and brandished it when robbing the complainant. It is not required that the defendant have some incident of ownership of the gun.

3. The fact that the gun was jammed and temporarily inoperable at the time of the offense does not change the result since the operability of the gun is irrelevant to a conviction under the felony-firearm statute.

4. Reversal is not required because the trial court advised the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 166, 182 *et seq.,* 578.

[2] 79 Am Jur 2d, Weapons and Firearms § 7 *et seq.*

[3] 79 Am Jur 2d, Weapons and Firearms § 16.

[4, 5] 21 Am Jur 2d, Criminal Law § 489.

Court's duty to advise or admonish accused as to consequences of plea of guilty or to determine that he is advised thereof. 97 ALR2d 549.

[6] 21 Am Jur 2d, Criminal Law §§ 540, 581, 614.

defendant that he would not have to testify at trial but failed to inform him that no adverse inferences could be drawn from his silence. Nor does the trial court's failure to inform the defendant that the sentence for the felony-firearm conviction would be served consecutively with the other sentence render the plea involuntary.

5. The indeterminate sentence statute prohibits a sentence with a maximum of life imprisonment and with a minimum for a term of years included in the same sentence. The sentence must be vacated and the cause remanded for resentencing on the armed robbery conviction.

Affirmed in part, reversed in part and remanded.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — FELONY-FIREARM STATUTE — STATUTES.

The felony-firearm statute violates neither the constitutional prohibition against double jeopardy nor the constitutional prohibition against altering and amending existing laws without re-enacting and republishing them (MCL 750.227b; MSA ·28.424[2]).

2. CRIMINAL LAW — FELONY-FIREARM STATUTE — OWNERSHIP OF FIREARM.

The crime of possession of a firearm during the commission of or the attempt to commit a felony does not require that a defendant have some incident of ownership of the firearm.

3. CRIMINAL LAW — FELONY-FIREARM STATUTE — OPERABILITY OF FIREARM.

The operability of a firearm is irrelevant to a conviction for possession of a firearm during the commission of or attempt to commit a felony.

4. CRIMINAL LAW — PLEA OF GUILTY — RIGHT TO SILENCE — INFORMING DEFENDANT.

A plea-based conviction is not reversible because of the failure of the judge taking the plea to advise the defendant that at a trial no inferences could be drawn from the defendant's silence if he chose not to testify.

5. CRIMINAL LAW — PLEA OF GUILTY — SENTENCES — INFORMING DEFENDANT.

A trial judge at a plea-taking proceeding is only required to inform a defendant of the maximum sentence and any mandatory minimum sentence; the defendant need not be advised of the possibility of consecutive sentences.

6. CRIMINAL LAW — SENTENCES — LIFE SENTENCES — INDETERMINATE
SENTENCES — STATUTES.

A sentence of a minimum of a number of years to a maximum of
life imprisonment is invalid under the indeterminate sentenc-
ing statute (MCL 769.9; MSA 28.1081).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Andrea L. Solak,* Assistant
Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and M. J. KELLY
and D. S. DEWITT,* JJ.

PER CURIAM. Pursuant to a bargaining agree-
ment, defendant pled guilty to armed robbery,
MCL 750.529; MSA 28.797, and possession of a
firearm in the commission of a felony, MCL
750.227b; MSA 28.424(2). He was sentenced to a
term of eight years to life imprisonment on the
armed robbery conviction and received the manda-
tory two-year sentence on the felony-firearm con-
viction. Defendant now appeals as of right, raising
several issues for our consideration.

Defendant first claims that the felony-firearm
statute is unconstitutional because it violates the
double jeopardy prohibition and alters and amends
existing laws without reenacting and republishing
them as required by Const 1963, art 4, § 25. Con-
trary to defendant's position, the statute with-
stands attack on both grounds. *Wayne County
Prosecutor v Recorder's Court Judge,* 406 Mich
374; 280 NW2d 793 (1979), *People v Walter John-
son,* 85 Mich App 654; 272 NW2d 605 (1978),

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

*People v Gary Hughes,* 85 Mich App 674; 272 NW2d 567 (1978).

We also reject defendant's argument that the felony-firearm statute is inapplicable when the firearm involved belonged to the complainant rather than defendant. Such reasoning leads to the absurd conclusion that a defendant who has appropriated a stolen or borrowed firearm which he possesses during the commission of or attempt to commit a felony is excluded from the statutory prohibition. Defendant relies on *People v Walter Johnson, supra,* in which a panel of this Court held that the felony-firearm statute does not apply to aiders and abettors. The *Johnson* Court refused to extend the statute to include defendants who did not personally possess a firearm during the commission of a felony. The instant case is clearly distinguishable. Defendant herein discovered and seized a loaded gun in complainant's truck. It remained in his possession upon complainant's return to the vehicle, at which point defendant brandished the weapon and took the driver's wallet. Defendant was carrying the gun at the time he committed the robbery. The suggestion that conviction under the statute requires some incident of ownership of the firearm strains logic.

Defendant's remaining assignments of error concern alleged defects in the guilty plea proceedings. In accordance with our disposition of defendant's constitutional challenges to the felony-firearm statute, his contention that the plea was involuntary because it was given in misapprehension of the value of the plea agreement is without merit.

Defendant further contends that the trial court failed to establish a sufficient factual basis to support the plea on the felony-firearm charge. It is defendant's position that since the gun was tempo-

rarily inoperable because it was "jammed" it does not meet the definitional requirements of a "firearm" as set forth in MCL 8.3t; MSA 2.212(20), which provides:

"Sec. 3t. The word 'firearm', except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BB's not exceeding .177 calibre by means of spring, gas or air."

We believe the statute demonstrates a legislative intent to distinguish the firearm from other potentially dangerous weapons by describing its general construction and manner of use. The gun used in the instant case clearly falls within the above definition. Furthermore, this Court found the operability of a gun to be irrelevant for a conviction under MCL 750.227; MSA 28.424, carrying a concealed weapon, in *People v Clark,* 24 Mich App 440; 180 NW2d 342 (1970), and *People v Jiminez,* 27 Mich App 633; 183 NW2d 853 (1970). The same reasoning is equally apt here, and a contrary result would thwart the deterrent purpose of the felony-firearm statute.

Another alleged defect in the plea proceeding concerns the trial court's advice to defendant regarding the right against compulsory self-incrimination. The court advised the defendant that he would not have to testify at trial but failed to inform him that no adverse inferences could be drawn from his silence. This imprecise recital does not require reversal. The Michigan Supreme Court, in *Guilty Plea Cases,* 395 Mich 96, 123; 235 NW2d 132 (1975), made specific reference to the

consolidated case of *People v Adkins* which raised the identical issue present here:

"Nor is reversal justified in *Adkins* because of the failure to advise the defendant 'that at a trial no inferences adverse to him may be properly drawn' if he chooses not to testify."

Accordingly, defendant's claim is without merit.

We must additionally decide whether the trial court's failure to inform defendant that the armed robbery and felony-firearm sentences would be served consecutively rendered the plea involuntary. The court is only required to inform defendant of the maximum sentence and any mandatory minimum sentence. *Guilty Plea Cases, supra,* at 118. He need not be advised of the possibility of consecutive sentences. *People v Bennett,* 76 Mich App 264; 256 NW2d 459 (1977), *People v Cummings,* 84 Mich App 509; 269 NW2d 658 (1978). The trial court in the case at bar informed defendant of the potential maximum life sentence or a sentence for any term of years for armed robbery as well as the mandatory two-year term for the felony-firearm conviction. We find the trial court acted in compliance with GCR 1963, 785.7(1). *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978).

At the conclusion of the sentencing hearing, the court imposed a sentence of eight years to life imprisonment. Defendant correctly asserts that this sentence violates MCL 769.9; MSA 28.1081, which provides in part:

"(2) In all cases where the maximum sentence in the discretion of the court may be imprisonment for life or any number or term of years, the court may impose a sentence for life or may impose a sentence for any term

of years. If the sentence imposed by the court is for any term of years, the court shall fix both the minimum and the maximum of that sentence in terms of years or fraction thereof, and sentences so imposed shall be considered indeterminate sentences. The court shall not impose a sentence in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence."

Therefore, the sentence must be vacated and the cause remanded for resentencing on the armed robbery conviction. *People v Holcomb,* 47 Mich App 573; 209 NW2d 701 (1973).

Affirmed in part and reversed in part.