PEOPLE v MITCHELL

Docket No. 45434. Submitted October 1, 1980, at Detroit.—Decided December 16, 1980. Leave to appeal applied for.

Maurice Mitchell was charged with first-degree murder and with possession of a firearm during the commission of a felony. He pled guilty to second-degree murder and to violation of the felony-firearm statute pursuant to a guilty-plea arrangement and was sentenced to prison, Detroit Recorder's Court, Roy J. Daniel, J. He appeals, alleging that the trial court erred in failing to apprise him of the mandatory sentencing provision of the felony-firearm statute. *Held:*

The trial court erred in misinforming defendant of the consequences of his conviction. The court was required to inform him of the mandatory minimum prison sentence for conviction under the felony-firearm statute. The matter is remanded for proper appraisal of defendant, following which defendant shall be given an opportunity to affirm or withdraw his plea. Upon an election to affirm his plea, his convictions and sentences shall stand affirmed. Upon an election to withdraw his plea he shall proceed to trial on the original charges.

Remanded.

1. CRIMINAL LAW — GUILTY PLEAS — MANDATORY MINIMUM SENTENCES — APPRISAL OF DEFENDANTS — APPEAL — COURT RULES.

A trial court, prior to accepting a plea of guilty in a criminal case, must inform a defendant of any mandatory minimum prison sentence for an offense, and failure to so inform or the rendering of misinformation requires reversal of a conviction on appeal (GCR 1963, 785.7[1][d]).

2. CRIMINAL LAW — FELONY-FIREARM STATUTE — MANDATORY SENTENCES — STATUTES.

A conviction for violation of the felony-firearm statute requires

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 487.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 547.

79 Am Jur 2d, Weapons and Firearms § 22.

imposition of a mandatory two-year prison sentence which must be served consecutively to and preceding a sentence imposed for conviction of the underlying felony (MCL 750.227b; MSA 28.424[2]).

3. CRIMINAL LAW — SENTENCING — DUTY TO INFORM DEFENDANTS — GUILTY PLEAS — JUDICIAL DISCRETION.

A trial court has no duty to inform a defendant of the possible term of sentences to be imposed for the offense charged prior to accepting his guilty plea where neither consecutive nor mandatory sentences are required by statute, and the decision to impose either concurrent or consecutive sentences is discretionary with the trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. GILLIS, P.J., and BASHARA and CYNAR, JJ.

PER CURIAM. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, and felony-firearm, MCL 750.227b; MSA 28.424(2). Pursuant to a guilty-plea arrangement, the trial court accepted defendant's plea of guilty to second-degree murder, MCL 750.317; MSA 28.549.

At the plea proceeding, the trial court informed the defendant of the consequences of a felony-firearm conviction, as follows:

"Now, I would indicate to you the charge in this case carries a mandatory sentence of *up to two years* in the state penitentiary, if you should be convicted of the charge of carrying a firearm. *This charge would run*

*concurrently, that is, together with any sentence imposed on any other charges.* Do you understand that?" (Emphasis supplied.)

Defendant challenges the guilty plea on the grounds that he was not apprised of the two-year mandatory minimum sentence for a felony-firearm conviction which must be served consecutively to and preceding the underlying felony.

GCR 1963, 785.7(1)(d) requires the trial court to inform the defendant of the "mandatory minimum prison sentence, if any, for the offense". Failure to comply with the rule (formerly 785.7[1][b]) requires reversal. *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), *cert den sub nom Sanders v Michigan,* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). It is undisputed that the felony-firearm statute imposes a mandatory two-year prison sentence, not a sentence of *up to* two years. Therefore, the trial court erred in misinforming the defendant of the certain consequences of his conviction.

Furthermore, the statute requires that the felony-firearm sentence be served consecutively to that imposed for conviction of the underlying felony, MCL 750.227b(2); MSA 28.424(2)(2). There is no court rule which explicitly requires the court to inform the defendant at the guilty-plea proceeding that the sentence will be consecutive. In *People v Larkins,* 59 Mich App 199; 229 NW2d 378 (1975) and in *People v Bennett,* 76 Mich App 264; 256 NW2d 459 (1977), this Court held that the trial court did not have a duty to inform the defendants before accepting their guilty pleas that it was within the court's discretion to sentence them to either concurrent or consecutive sentences.

Those cases are distinguishable from the case at

bar for two reasons. First, the trial court in *Bennett* and *Larkins* remained silent on the issue rather than misinforming the defendants. Second, the charges in those cases did not require consecutive or specific mandatory sentences as does the felony-firearm statute.[1]

The purpose of the mandatory sentencing rule is to apprise the defendant of the minimum time he will serve in prison so that his plea of guilty is given with full knowledge of the consequences. *Guilty Plea Cases, supra,* 118. We hold that, where consecutive and/or mandatory sentencing is ordered by statute, the defendant must be informed of that fact so that he has full knowledge of the true minimum time he will serve by pleading guilty.

The matter is remanded to the trial court. The court shall advise the defendant that the advice he initially received as to the sentence consequences of his pleas was incorrect and that a felony-firearm conviction carries a mandatory two-year sentence which must be served *before,* rather than concurrently with, any sentence imposed with regard to his plea on the murder charge. Defendant shall then be given an opportunity to affirm or withdraw his prior plea. In the event the defendant elects to affirm his plea, the convictions and sentences appealed shall stand affirmed. If the defendant elects to withdraw his plea, he shall then proceed to trial on the original charges.

Remanded for proceedings consistent with this opinion. We retain no further jurisdiction.

---

[1] In *Larkins, supra,* the defendant pled guilty to attempted assault with intent to commit gross indecency, MCL 750.85; MSA 28.280. Bennett pled guilty to larceny in a building, MCL 750.360; MSA 28.592, and larceny over $100, MCL 750.356; MSA 28.588. In both offenses, the trial court had discretion to establish the sentence within the parameters of the statutes.