PEOPLE v GREEN

Docket No. 53426. Submitted April 14, 1981, at Lansing.—Decided
    August 18, 1981.

   Mark W. Green pled guilty in Jackson Circuit Court to a charge
   of armed robbery and was sentenced, James G. Fleming, J.
   Defendant appeals, contending that the trial court erred by
   failing to advise him that his plea was made under a recently
   enacted statute which did away with "good time" provisions for
   certain offenses, including armed robbery. *Held:*

   There is no requirement, by court rule or statute, that a trial
   court must advise a defendant that "good time" is not avail-
   able.

   Affirmed.

   T. M. Burns, J., dissented. He would hold that the court
   rules require that a defendant be told of the maximum and
   mandatory minimum sentence that he may receive as a result
   of a guilty plea and that, where consecutive sentencing or
   mandatory sentencing is ordered by statute, a defendant must
   be informed of that fact so that he has full knowledge of the
   true minimum time he will serve if he pleads guilty. He would
   vacate the guilty plea and remand for further proceedings.

OPINION OF THE COURT

1. Criminal Law — Trial — Sentencing.
   There is no requirement, by court rule or statute, that a trial

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 476, 535, 548.
   Right to credit for time spent in custody prior to trial or sentence.
   77 ALR3d 182.
[2, 3] 21 Am Jur 2d, Criminal Law § 476.
   Construction and application of Rule 11(c) of Federal Rules of
   Criminal Procedure, as amended in 1975, requiring court to give
   certain advice to defendant before accepting plea of guilty or nolo
   contendere. 41 ALR Fed 874.
   Court's duty to advise or admonish accused as to consequences of
   plea of guilty, or to determine that he is advised thereof. 97
   ALR2d 549.
[3] 21 Am Jur 2d, Criminal Law § 552.

court advise a defendant that "good time" is not available for the offense the defendant is charged with.

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW — SENTENCING — COURT RULES.
   The applicable provisions of the court rule governing the taking of guilty pleas require that a defendant be told of the maximum and mandatory minimum sentence that he may receive as a result of pleading guilty; failure to give this information requires that a plea-based conviction be set aside (GCR 1963, 785.7[1][b], [d]).

3. CRIMINAL LAW — TRIAL — SENTENCING.
   A criminal defendant, where consecutive or mandatory sentencing, or both, is ordered by statute, must be informed of that fact so that he has full knowledge of the true minimum time he will be required to serve if he pleads guilty.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Myron E. Sanderson,* for defendant on appeal.

Before: BASHARA, P.J., and T. M. BURNS and BEASLEY, JJ.

BASHARA, P.J. Defendant appeals from a guilty plea conviction of armed robbery, MCL 750.529; MSA 28.797.

Defendant contends that the trial court committed reversible error by failing to advise him that his plea was made under MCL 791.233b; MSA 28.2303(3). That recently enacted statute did away with "good time" provisions for certain offenses, including armed robbery.

There is no requirement, by court rule or statute, that the court advise defendant that "good time" is not available. *People v Richards,* 106 Mich

App 16; 307 NW2d 692 (1981). This contention is without merit.

We have examined defendant's other allegations of error and find that they are frivolous.

Affirmed.

Beasley, J., concurred.

T. M. Burns, J. *(dissenting)*. Respectfully, I dissent.

The applicable provisions of the guilty plea court rule, GCR 1963, 785.7(1)(b), (d), require that a defendant be told of the maximum and mandatory minimum sentence that he may receive as a result of his plea. The giving of this information is mandatory and the failure to give it requires that the plea-based conviction be set aside. *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981).

The requirement that a defendant be informed of the effect of Proposal B on his sentence follows from the opinion of this Court in *People v Mitchell,* 102 Mich App 554, 557; 302 NW2d 230 (1980), where it was held that, "[W]here consecutive and/or mandatory sentencing is ordered by statute, the defendant must be informed of that fact so that he has full knowledge of the true minimum time he will serve by pleading guilty".

The single most important consideration in a criminal defendant's decision to plead guilty is the amount of time that he will be required to serve. A defendant may not fully understand the legal particulars of a crime to which he pleads guilty and may not fully appreciate the nature of the constitutional rights that he waives. However, it is doubtful that a single defendant leaves a courtroom after having pleaded guilty without knowing to the day the amount of time that he will be

required to serve after good time is subtracted from his minimum sentence.

The purpose of the court rule is to insure that a criminal defendant knows the amount of time that he will spend in prison deprived of his substantial right of personal liberty. Every day that a defendant spends incarcerated substantially diminishes his civil liberties. Therefore, even if the effect of Proposal B would be only to increase that defendant's time behind bars by a single day, the defendant must be informed of that effect. Because the defendant in this case was not made aware of the effect of Proposal B on his sentence, I would vacate his guilty plea and remand for further proceedings.

I have examined the various opinions of this Court that analyze this issue, *People v Solomon,* 104 Mich App 695; 305 NW2d 295 (1981), *People v Elder,* 104 Mich App 651; 305 NW2d 563 (1981), and *People v Richards,* 106 Mich App 16; 307 NW2d 692 (1981), and I find that the better reasoning on this question is set forth by my colleague, Judge M. J. KELLY, in his dissenting opinions in *Solomon* and *Elder.* I take this opportunity to endorse his views on this issue.

I dissent and would vacate defendant's guilty plea.