PEOPLE v WOELTJE

Docket Nos. 53531, 53532. Submitted August 20, 1981, at Detroit.—
Decided January 11, 1982. Leave to appeal applied for.

Jerry J. Woeltje pled guilty in Detroit Recorder's Court to charges of breaking and entering an occupied dwelling with intent to commit felonious assault, felonious assault, carrying a pistol in a motor vehicle, and possession of a firearm during the commission of a felony and was sentenced, Samuel H. Olsen, J. Defendant appeals, contending that his pleas were involuntary because the trial court failed to inform him (1) that the mandatory two-year sentence for the felony-firearm conviction must be served consecutively to the other sentences imposed and (2) that all the sentences must be served consecutively to the sentence for a 1978 breaking and entering conviction since defendant was on escape status. *Held:*

A trial judge is not required to inform the defendant of all sentence consequences—only the maximum sentence, any mandatory minimum, and, if he is on probation or parole, the possible effect on his status as a probationer or parolee. There is no requirement that the defendant be advised of the consecutive nature of the sentences to be imposed. No error occurred.

Affirmed.

T. M. BURNS, J., dissented. He would hold that defendant's guilty pleas should be vacated and the cause remanded for further proceedings because defendant was not informed of the mandatory nature of the felony-firearm sentence nor of the fact that this sentence would be required to be served consecutively to his sentence for the 1978 breaking and entering conviction

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 21 Am Jur 2d, Criminal Law §§ 473, 476, 477.

Construction and application of Rule 11[c] of Federal Rules of Criminal Procedure, as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere. 41 ALR Fed 874.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 616.

[2-5] 21 Am Jur 2d, Criminal Law § 552.

and his three other guilty plea convictions in this case. He would rule that where consecutive sentencing or mandatory sentencing or both is ordered by statute the defendant must be informed of that fact so that he has full knowledge of the true minimum time he will serve by pleading guilty.

### Opinion of the Court

1. Criminal Law — Guilty Pleas — Sentencing.

   A trial court is not required to inform a defendant of all sentence consequences before accepting a guilty plea; all that is required is that the judge inform the defendant of the maximum sentence, any mandatory minimum, and, if the defendant is on probation or parole, the possible effect on his status as a probationer or parolee.

2. Criminal Law — Guilty Pleas — Consecutive Sentencing — Mandatory Sentencing.

   A trial court, where consecutive sentencing or mandatory sentencing or both is ordered by statute, must inform the defendant of that fact prior to accepting a guilty plea.

3. Criminal Law — Guilty Pleas — Consecutive Sentencing — Remand.

   Remand is required where a defendant is materially misinformed about the consecutive sentencing consequences of his guilty plea; however, where the trial judge remains silent on the issue rather than misinforming the defendant, no error occurs because the trial court is not required to advise a defendant of the consecutive nature of the sentence to be imposed.

### Dissent by T. M. Burns, J.

4. Criminal Law — Guilty Pleas — Consecutive Sentencing — Mandatory Sentencing.

   *A defendant must be informed of the fact that consecutive sentencing or mandatory sentencing or both is ordered by statute, if that is the case, prior to acceptance of his guilty plea so that he has full knowledge of the true minimum time he will serve by pleading guilty.*

5. Criminal Law — Guilty Pleas — Felony-Firearm — Consecutive Sentencing — Mandatory Sentencing — Remand.

   *A defendant's guilty pleas should be vacated and the cause remanded for further proceedings where the defendant was not informed of the mandatory nature of a felony-firearm sentence nor of the fact that, since he was on prison escape status, the*

*sentence would be required to be served consecutively to his sentences for previous convictions and other guilty plea convictions on the charges to which he was pleading.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Karla Kendall,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. GILLIS, P.J., and T. M. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. On March 7, 1980, defendant pled guilty to charges of breaking and entering an occupied dwelling with intent to commit felonious assault, MCL 750.110; MSA 28.305, felonious assault, MCL 750.82; MSA 28.277, carrying a pistol in a motor vehicle, MCL 750.227; MSA 28.424, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He appeals as of right. At the time defendant committed these crimes, he was on escape status from prison, where he had been serving a term of three to five years for a 1978 breaking and entering conviction.

Defendant contends that his pleas were involuntary because the trial court failed to inform him 1) that the mandatory two-year sentence for the felony-firearm conviction must be served consecutively to the other sentences imposed and 2) that all of the sentences must be served consecutively to the 1978 breaking and entering sentence for which defendant was on escape status. We disagree.

The Supreme Court in the *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), *cert den*

*sub nom Sanders v Michigan,* 429 US 1108; 97 S
Ct 1142; 51 L Ed 2d 561 (1977), held that a trial
judge is not required to inform the defendant of all
sentence consequences—only the maximum sen-
tence, any mandatory minimum, and, if he is on
probation or parole, the possible effect on his
status as a probationer or parolee. Several panels
of this Court have declined to impose a require-
ment that defendant be advised of the consecutive
nature of the sentences to be imposed. *People v
Lange,* 105 Mich App 263, 268; 306 NW2d 514
(1981), *People v Boswell,* 95 Mich App 405, 410;
291 NW2d 57 (1980), *People v Cummings,* 84 Mich
App 509, 513; 269 NW2d 658 (1978), *People v
Bennett,* 76 Mich App 264, 267; 256 NW2d 459
(1977), *People v Larkins,* 59 Mich App 199, 201-
202; 229 NW2d 378 (1975), *lv den* 394 Mich 790
(1975).

Defendant relies on *People v Mitchell,* 102 Mich
App 554; 302 NW2d 230 (1980), wherein we stated
that, where consecutive and/or mandatory sen-
tencing is ordered by statute, the defendant must
be informed of that fact. However, we find the
facts in *Mitchell* clearly distinguishable from those
in the case at bar. In *Mitchell,* the judge misin-
formed the defendant that a felony-firearm convic-
tion carries a "mandatory sentence of up to two
years", rather than a flat mandatory two-year
sentence. The defendant in *Mitchell* was also in-
correctly told that his sentence on the felony-fire-
arm conviction would "run concurrently, that is,
together with any sentence imposed on any other
charges". We agree that a remand is required
where the defendant is materially misinformed
about the consecutive sentencing consequences of
his guilty plea.

However, in the present case, the trial judge

remained silent on the issue rather than misinforming the defendant. Because the trial court is not required to advise the defendant of the consecutive nature of the sentences to be imposed, no error occurred.

We believe it is a better practice for the trial judge to advise the defendant of all the consequences of his plea, including, where applicable, the consecutive nature of the sentences to be imposed. However, such a legal requirement must come from the Supreme Court, either by way of amendment to GCR 1963, 785.7 or by case law. See *People v Bennett, supra,* 267.

Affirmed.

T. M. BURNS, J. *(dissenting).* Respectfully, I dissent.

In *People v Mitchell,* 102 Mich App 554, 557; 302 NW2d 230 (1980), this Court held, "We hold that, where consecutive and/or mandatory sentencing is ordered by statute, the defendant must be informed of that fact so that he has full knowledge of the true minimum time he will serve by pleading guilty."

In this case, defendant was not informed of the mandatory nature of the felony-firearm sentence nor of the fact that this sentence would be required to be served consecutively to his sentence for the 1978 breaking and entering conviction and his three other guilty plea convictions in this case. Therefore, on the authority of *Mitchell,* defendant's guilty pleas should be vacated and this cause remanded for further proceedings.

The attempt by the majority to distinguish *Mitchell* simply is unpersuasive. The factual differences between *Mitchell* and this case, that the majority finds to be important, were not relied

upon by the *Mitchell* Court nor deemed significant enough to form the basis of its holding. The rule of *Mitchell* is that where consecutive and/or mandatory sentencing is ordered by statute, a defendant must be informed of that fact. The majority attempts to alter this plain rule into a rule that would provide only that a defendant must not be materially misinformed about the sentencing consequences of his plea. This is not the holding of *Mitchell.*

I dissent and would vacate defendant's pleas and remand for further proceedings.