PEOPLE v MEEKS

Docket No. 56874. Submitted March 9, 1982, at Detroit.—Decided May 12, 1982.

Derrick Meeks was charged with first-degree criminal sexual conduct, armed robbery and felony-firearm. The acts took place while defendant was a prison escapee. Defendant was convicted on his plea of guilty to first-degree criminal sexual conduct, assault with intent to rob being armed and felony-firearm in Recorder's Court of Detroit, Justin C. Ravitz, J. At the plea proceedings, defendant was not informed that because the offenses were committed while he was a prison escapee, any sentences which might be imposed would be served consecutively to the sentence which he was then serving. The assault charge was subsequently vacated. Defendant appeals. *Held:*

The trial court was under no obligation to inform the defendant that the sentences for the offenses to which he was offering his plea of guilty would, by operation of law, be served consecutively to the sentence he was then serving.

Affirmed.

R. B. Burns, J., dissented. He would hold that for a guilty plea to be understandingly made a defendant must be informed that any sentence that might be imposed would, by statutory mandate, be served consecutively to the sentence then being served. He would reverse.

Opinion of the Court

1. Criminal Law — Sentencing — Guilty Pleas — Consecutive Sentences.

There is no court rule which explicitly requires a trial court to inform a defendant at a guilty-plea proceeding that the sentence to be imposed will be a consecutive sentence.

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 473, 476, 479.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 188.

2. CRIMINAL LAW — GUILTY PLEAS — CONSECUTIVE SENTENCES.

A trial court need not inform a defendant before accepting a guilty plea that any sentence which might be imposed will be served consecutively to the sentence which the defendant was then serving by reason of the statutory mandate that sentences for crimes committed by a prison inmate or escapee shall run consecutively to the sentence for the offense for which the defendant was incarcerated (MCL 768.7a; MSA 28.1030[1]).

DISSENT BY R. B. BURNS, J.

3. CRIMINAL LAW — GUILTY PLEAS — CONSECUTIVE SENTENCES.

*A trial court must inform a defendant before accepting a guilty plea that the sentence which might be imposed will run consecutively to the sentence then being served; the purpose of the court rule requiring that a defendant be informed of the minimum sentence is to apprise the defendant of the minimum time he will serve in prison so that his plea can be given with full knowledge of the consequences.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Patricia A. Streeter,* for defendant.

Before: D. C. RILEY, P.J., and R. B. BURNS and S. EVERETT,* JJ.

PER CURIAM. Defendant was charged with first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1), robbery armed, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). He pled guilty to first-degree criminal sexual conduct, assault with intent to rob being armed, MCL 750.89; MSA 28.284, and felony-firearm. On August 10, 1977, he was sentenced to terms of 16 to 30 years for the criminal sexual

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

conduct conviction, of 12 to 25 years for the assault with intent to rob being armed conviction, and of 2 years for felony-firearm. The assault with intent to rob charge subsequently was vacated. On January 13, 1981, the defendant was resentenced to a term of 12 to 24 years for criminal sexual conduct and to the mandatory 2-year felony-firearm term. Defendant appeals his convictions and sentences.

On appeal, defendant argues that the trial court failed to comply with GCR 1963, 785.7 at the plea-taking proceeding. At the time the defendant committed the offenses in this case, the defendant was a prison escapee. At the time of his escape he was serving a sentence for breaking and entering. MCL 768.7a; MSA 28.1030(1) mandates that the sentence for any offense committed during a period of incarceration or escape run consecutively to the sentence for the offense for which the defendant was incarcerated. Defendant argues that the trial court's failure to advise him that the subsequent sentence would be consecutive to the sentence he already was serving rendered his plea not "understanding", GCR 1963, 785.7(1).

"There is no court rule which explicitly requires the court to inform the defendant at the guilty-plea proceeding that the sentence will be consecutive." *People v Mitchell,* 102 Mich App 554, 556; 302 NW2d 230 (1980). In *Mitchell,* the defendant was sentenced on a second-degree murder conviction and a felony-firearm conviction. The trial judge misstated the law, commenting that the felony-firearm sentence would be *concurrent* with the murder sentence. MCL 750.227b; MSA 28.424(2) requires the felony-firearm sentence to be served *consecutively* to that imposed for conviction of the underlying felony. This Court could have

remanded on this basis alone. However, the *Mitchell* Court went on to say: "We hold that, where consecutive and/or mandatory sentencing is ordered by statute, the defendant must be informed of that fact so that he has full knowledge of the true minimum time he will serve by pleading guilty." *Mitchell, supra,* 557.

*Mitchell* is distinguishable from the case before us. The trial court in *Mitchell* had before it both convictions for which sentences were to be set during the same proceeding and plainly misstated the applicable law. The trial court in this case properly stated the law with regard to the convictions before it. We conclude that the broad holding of *Mitchell* does not apply in this case.

Affirmed.

R. B. BURNS, J. *(dissenting)*. I must dissent. In my opinion *People v Mitchell,* 102 Mich App 554; 302 NW2d 230 (1980), requires that the defendant must be informed when a consecutive sentence is required. As stated in *Mitchell, supra,* 557:

"The purpose of the mandatory sentencing rule is to apprise the defendant of the minimum time he will serve in prison so that his plea of guilty is given with full knowledge of the consequences."

I would hold that when a consecutive sentence is required by statute the defendant must be informed of that fact.