PEOPLE v BROWN

Docket No. 58454. Submitted March 12, 1982, at Lansing.—Decided
June 22, 1982.

Verna Brown pled guilty to kidnapping and possession of a
firearm in the commission of a felony, Oakland Circuit Court,
Robert C. Anderson, J. Defendant appeals, claiming that the
trial court erred in not informing her during the plea proceed-
ings that the sentence on the felony-firearm conviction would
run consecutively. *Held:*

A trial judge at a plea-taking proceeding is only required to
inform a defendant of the maximum sentence and any manda-
tory minimum sentence. The defendant need not be advised of
the possibility of consecutive sentences.

Affirmed.

T. M. Burns, J., dissented. He would hold that a trial court
must inform a defendant of any consecutive sentence require-
ment involved prior to accepting his plea of guilty to an offense.

Opinion of the Court

1. Criminal Law — Guilty Pleas — Sentences.

A trial judge at a plea-taking proceeding is only required to
inform a defendant of the maximum sentence and any manda-
tory minimum sentence; the defendant need not be advised of
the possibility of consecutive sentences (GCR 1963, 785.7[1][d]).

Dissent by T. M. Burns, J.

2. Criminal Law — Guilty Pleas — Consecutive Sentences.

*A trial court must inform a defendant of any consecutive sen-
tence requirement involved prior to accepting his plea of guilty
to an offense (GCR 1963, 785.7[1][d]).*

*Frank J. Kelley,* Attorney General, *Louis J.*

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal law §§ 472, 479.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

*Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Keller & Avadenka, P.C.,* for defendant.

Before: M. J. KELLY, P.J., and T. M. BURNS and MacKENZIE, JJ.

M. J. KELLY, P.J. Defendant, Verna Brown, pled guilty to kidnapping, MCL 750.349; MSA 28.581, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). She was sentenced to a term of 3 to 15 years for the kidnapping and 2 years for the possession of a firearm. The felony-firearm conviction was to run consecutively. Defendant appeals, claiming that the trial court failed to comply with GCR 1963, 785.7(1)(d) by not informing her during the plea proceedings that the sentence on the felony-firearm conviction would run consecutively.

Currently, there is a split in this Court concerning the issue of whether a trial judge must inform a defendant that the felony-firearm sentence will run consecutively. In *People v Boswell,* 95 Mich App 405; 291 NW2d 57 (1980), the trial court failed to inform defendant that the sentence on his felony-firearm plea would run consecutively with his armed robbery plea. On appeal, defendant argued that GCR 1963, 785.7(1)(d) had been violated. This Court noted that the trial court complied with GCR 1963, 785.7 if it informed defendant of the mandatory minimum sentence. 95 Mich App 405, 410. The Court stated that defendant need not be advised of the possibility of consecutive sentences. *Id.,* 410. This Court concluded that a trial court did not violate GCR 1963,

785.7(1)(d) when it failed to tell a defendant that the felony-firearm sentence would run consecutively.

Another panel of this Court has reached a different conclusion in *People v Mitchell,* 102 Mich App 554; 302 NW2d 230 (1980), *rev'd on other grounds* 412 Mich 853 (1981). In *Mitchell,* defendant was advised that the felony-firearm conviction would expose him to a mandatory minimum of "up to two years" which would run concurrently to the sentence imposed for the second-degree murder charge. This Court reversed defendant's conviction because the trial court violated GCR 1963, 785.7(1)(d) when it misinformed defendant that the felony-firearm conviction carried a mandatory minimum sentence of "up to two years" which would run concurrently with the other sentence. 102 Mich App 554, 556. The Court went on to hold that the trial court was required to inform defendant that the felony-firearm sentence was to run consecutively. *Id.,* 557.

After reviewing the above authority, we are convinced that the reasoning used in *Boswell* is more persuasive. A trial court does not have to inform a defendant of all the sentencing consequences of his plea. It need only inform defendant of the maximum and mandatory minimum sentences which will result from his plea. *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), *cert den sub nom Sanders v Michigan,* 429 US 1108 (1977). The judge complies with this rule when he informs defendant that the felony-firearm sentence is a mandatory two years imprisonment. Furthermore, GCR 1963, 785.7(1) does not require a trial court to inform defendant that a sentence will run consecutively. The Supreme Court has recently proposed a change to GCR 1963, 785.7(1)(b) which

would require the trial court to inform defendant
of any possibility of consecutive sentences. 411
Mich 1102. In light of this proposed rule, we
cannot say that the trial court violated GCR 1963,
785.7(1) when it failed to tell defendant that her
mandatory two-year sentence for the felony-fire-
arm conviction would run consecutively with her
kidnapping sentence.

Defendant's convictions are affirmed.

MACKENZIE, J., concurred.

T. M. BURNS, J. *(dissenting)*. Respectfully, I dis-
sent because I believe that *People v Mitchell,* 102
Mich App 554, 557; 302 NW2d 230 (1980), *rev'd on
other grounds* 412 Mich 853 (1981), correctly states
the law:

> "[W]here consecutive and/or mandatory sentencing is
> ordered by statute, the defendant must be informed of
> that fact so that he has full knowledge of the true
> minimum time he will serve by pleading guilty."

The underlying purpose behind GCR 1963, 785.7 is
to ensure that a criminal defendant who wishes to
plead guilty "does so voluntarily with full knowl-
edge and understanding of his actions". *People v
Willsie,* 96 Mich App 350, 353; 292 NW2d 145
(1980). A criminal defendant pleading guilty is
very often more concerned with the actual sen-
tence he will receive than with any other consider-
ation. Informing a defendant that the felony-fire-
arm conviction will expose him to a mandatory
minimum sentence *consecutive* to the other charge
fits within the underlying purpose of GCR 1963,
785.7. Therefore, I believe that the trial judge
must so inform the criminal defendant. See *People*

*v Woeltje,* 112 Mich App 699; 317 NW2d 230 (1982) (T. M. Burns, J., *dissenting*).

I do understand that the Supreme Court has recently proposed a change to GCR 1963, 785.7(1)(b) which would require the trial court to inform the defendant that the sentences are to run consecutively. 411 Mich 1102. But I do not believe that this proposed change means that the law is presently otherwise. The Supreme Court has proposed this rule change to clarify the law. Because of the present split in authority on this issue, this rule is highly desirable. Therefore, I do not believe that this proposed rule change determines this issue one way or the other.

I would reverse.