PEOPLE v ELDER

Docket No. 46836. Submitted November 14, 1980, at Lansing.—Decided March 17, 1981. Leave to appeal applied for.

David A. Elder pled guilty to armed robbery and was sentenced to prison, Bay Circuit Court, John X. Theiler, J. He appealed. Prior to the hearing on his appeal, defendant moved to remand the case to the trial court for the purpose of completing the trial court record concerning the alleged involuntary nature of his plea. Defendant's motion was granted, and a hearing was held. On appeal, defendant alleges that the trial court erred in failing to advise him of certain sentence consequences of his plea and that the sentencing judge should have been disqualified because of his knowledge of defendant's polygraph examination results. *Held:*

1. The record reveals that the trial court fulfilled all the requirements of informing defendant of the sentence consequences of acceptance of his guilty plea. His plea was voluntarily made.

2. The sentencing judge did · not improperly rely on his knowledge of the infomation revealed in defendant's polygraph examination in imposing sentence. Defendant raised the issue himself in an effort to gain leniency from the court, and the sentencing judge specifically indicated that he was discounting defendant's sentence because of his cooperation with authorities. In addition, the reference to the examination was only in regard to the charge to which defendant pled guilty.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that defendant's plea was not understandably made because he was misinformed regarding the minimum sentence implications of acceptance of his plea and was not aware of the true minimum time he would serve. He would reverse and remand.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 487-491.

Court's duty to advise or admonish accused as to consequences of plea of guilty or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law §§ 221, 234, 235.

Opinion of the Court

1. Criminal Law — Courts — Guilty Pleas — Sentencing —
   Court Rules.

   A trial court is not required to inform a defendant who pleads
   guilty to a crime of all sentence consequences of his plea, only
   the maximum sentence, any mandatory minimum sentence,
   and, if he is on probation or parole, the possible effect of his
   plea on his status as a probationer or parolee (GCR 1963,
   785.7[1]).

2. Criminal Law — Courts — Sentencing — Polygraph Examina-
   tions.

   Knowledge by a trial court prior to sentencing that a defendant
   took a polygraph examination and the results thereof is not
   sufficient to disqualify the court from imposing sentence where
   the defendant has pled guilty, the examination pertained only
   to the charge to which defendant pled guilty and there was no
   improper reliance by the court on knowledge of other criminal
   activity revealed by the examination, the defendant raised the
   issue of the examination in an attempt to gain leniency, and
   the court indicated that it was discounting the defendant's
   sentence.

Dissent by M. J. Kelly, P.J.

3. Criminal Law — Sentencing — Guilty Pleas — Court Rules —
   Statutes.

   *A defendant who pleads guilty to a crime requiring service of a
   minimum term prior to becoming eligible for parole must be
   informed of the consequences of his plea so that he has full
   knowledge of the true minimum time he will be required to
   serve (GCR 1963, 785.7, MCL 791.233b; MSA 28.2303[3]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George B. Mullison,*
Prosecuting Attorney, and *Thomas J. Rasdale,*
Assistant Prosecuting Attorney, for the people.

*James Krogsrud,* Assistant State Appellate De-
fender, for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

PER CURIAM. On April 16, 1979, defendant pled guilty to armed robbery in violation of MCL 750.529; MSA 28.797. Defendant was sentenced to a term of from 25 to 50 years imprisonment. Defendant appealed of right on August 20, 1979. On March 31, 1980, before this matter was heard on appeal, defendant filed with this Court a motion to remand to the trial court for the purpose of completing the lower court record concerning the alleged involuntary nature of his plea of guilty. The motion was granted on May 23, 1980, and a hearing was held on July 12, 1980, to complete the lower court record. The appeal is now before our panel.

First, defendant claims that the trial court's failure to advise defendant as to the consequences of MCL 791.233b; MSA 28.2303(3), otherwise known as 1978 Initiated Proposal B, rendered his plea of guilty involuntary. This claim is without merit. Court rules do "not require the judge to inform the defendant of all sentence consequences —only the maximum sentence, any mandatory minimum and, * * * if he is on probation or parole, the possible effect on his status as a probationer or parolee". *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975). A review of the completed lower court record establishes that the trial court fulfilled all of the requirements of the court rules at the plea-taking hearing. No error occurred.

The completed lower court record indicates that defendant may not have been totally aware of all of the sentence consequences of Proposal B at the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

time of offering his guilty plea. Defendant urges this Court to impose upon the trial courts the additional requirement of insuring that defendants are totally aware of all sentence consequences flowing from Proposal B. While this Court might agree that the sentence consequences of Proposal B could have some effect on a defendant's decision to enter into a plea agreement, this Court is bound by *Guilty Plea Cases, supra.* Any additional requirements to be imposed on trial courts must come from the Legislature or the Supreme Court. See also *People v Solomon,* 104 Mich App 695; 305 NW2d 295 (1981).

Defendant's other claim of error is likewise without merit. Defendant claims that the sentencing judge's knowledge that defendant took a polygraph examination concerning the crime charged should disqualify that judge from sentencing defendant. However, it was defendant who testified at sentencing that he took a polygraph examination that implicated others, as well as himself, in the crime charged in hopes of gaining leniency from the sentencing judge. The sentencing judge, in fact, did specifically indicate that he was discounting defendant's sentence because of the defendant's cooperation with the authorities. This situation is distinguishable from the cases cited by defendant in which the sentencing court improperly relied upon knowledge of a polygraph examination which implicated the defendant in criminal activity other than that to which the defendant had pled guilty or for which he was on trial. In the instant case, the mention of the polygraph examination was only in regard to the current charge to which the defendant had already pled guilty. No error occurred.

Affirmed.

ALLEN and C. L. HOEHN, JJ., concurred.

M. J. KELLY, P.J. *(dissenting)*. The majority holds that the defendant's guilty plea was understandingly made, despite the trial court's failure to apprise defendant of the Proposal B, MCL 791.233b; MSA 28.2303(3), consequences of his plea. I am unable to agree that the defendant could understandingly enter such a plea without knowledge that his minimum sentence was written in stone, unalterable by self-efforts at rehabilitation.

The facts of the present case indicate a defendant who, as a result of a prior incarceration, was aware of the "lifer law" by which a prisoner with a lengthy sentence could seek parole after ten years. Additionally, the defendant was provided a booklet entitled "Statement of Rights to Defendant" which could only have reinforced his expectations as to early parole. In pertinent part, the booklet stated:

"There are certain other crimes where if a Defendant is convicted of them, the Court must send him to prison. These are the more serious offenses of murder, armed robbery, treason and committing a felony with a gun.

\*   \*   \*

"Usually, when a person is sent to prison he is released before he has served his entire sentence, but he is released on conditions that are called parole."

In light of the mandatory sentence required for armed robbery and the minimum sentence consequences of Proposal B, the defendant herein was apparently misinformed as to the punishment he faced upon acceptance of his plea.[1]

Few would doubt the intent of the Supreme

[1] The people contend that defendant's presentence report adequately informed the defendant of the Proposal B considerations in his case. The report states:

Court in promulgating GCR 1963, 785.7(1)(d), to inform a defendant of the minimum time in prison he may expect to serve. *Guilty Plea Cases,* 395 Mich 96, 119-120; 235 NW2d 132 (1975). In *People v Mitchell,* 102 Mich App 554; 302 NW2d 230 (1980), this Court applied the rule so interpreted to a case in which the sentencing judge misinformed the defendant as to the sentencing consequences of a subsequent felony-firearm conviction. MCL 750.227b(2); MSA 28.424(2)(2). The Court held:

"The purpose of the mandatory sentencing rule is to apprise the defendant of the minimum time he will serve in prison so that his plea of guilty is given with full knowledge of the consequences. *Guilty Plea Cases, supra,* 118. We hold that, *where consecutive and/or mandatory sentencing is ordered by statute, the defendant must be informed of that fact so that he has full knowledge of the true minimum time he will serve by pleading guilty."* (Emphasis added.)

In this case, the defendant could not have been aware of "the true minimum time" he would serve unless told of the mandatory requirements imposed by Proposal B. I would reverse the defendant's plea-based conviction and sentence and remand the case for trial.

*"NOTE:* This offender is convicted of an offense included in Proposal B and accordingly, the minimum term shall not be diminished by allowances for good time, special good time, or special parole."

The record made below, however, is inconclusive as to whether defendant was given an opportunity to review the report.