PEOPLE v SOLOMON

Docket No. 50110. Submitted November 13, 1980, at Lansing.—Decided March 17, 1981.

Gregory Solomon pled guilty to breaking and entering an occupied dwelling and was sentenced to prison, Genesee Circuit Court, Robert M. Ransom, J. He appeals, alleging that the trial court erred in failing to inform him *sua sponte* of certain sentence consequences of his plea. *Held:*

The circuit court fulfilled all the requirements of informing defendant of the sentence consequences of his guilty plea at the plea-taking hearing.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that the failure of the circuit court to inform defendant of the sentence consequences of his plea as prescribed by the newly-enacted statutory requirment of service of a minimum prison term prior to becoming eligible for parole for the type of crime for which he was pleading guilty denied defendant the understanding necessary to render his plea valid. He would reverse and remand the case to permit defendant to withdraw his guilty plea.

OPINION OF THE COURT

1. CRIMINAL LAW — COURTS — GUILTY PLEAS — SENTENCES — COURT RULES.

A trial court is not required to inform a defendant who pleads guilty of all sentence consequences of his plea, only the maximum sentence, any mandatory minimum sentence, and, if he is on probation or parole, the possible effect of his plea on his status as a probationer or parolee (GCR 1963, 785.7[1]).

2. COURTS — APPEAL — COURT RULES.

The Court of Appeals will not expand the clear requirements of a

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 487-491.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 20 Am Jur 2d, Courts §§ 82-84.

court rule absent direction from the Supreme Court or the Legislature.

DISSENT BY M. J. KELLY, P.J.

3. CRIMINAL LAW — SENTENCING — GUILTY PLEAS — COURT RULES — STATUTES.

*A defendant whose sentence will require the serving of a minimum term prior to becoming eligible for parole must be informed at the time of the taking of his plea of the consequences of his plea so that he has full knowledge of the true minimum time he will be required to serve (GCR 1963, 785.7, MCL 791.233b; MSA 28.2303[3]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Bennett S. Engleman,* for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

PER CURIAM. On August 27, 1979, defendant pled guilty as charged to breaking and entering an occupied dwelling in violation of MCL 750.110; MSA 28.305. On October 18, 1979, he was sentenced to from 3-1/2 to 15 years imprisonment. He appeals of right, raising an issue of first impression.

At the time of his plea, defendant was not informed by the court of the effect of the 1978 Initiated law commonly known as Proposal B. MCL 791.233b; MSA 28.2303(3). The provisions of Proposal B preclude parole for certain described offenses until the minimum term has been served and further provide that the minimum term shall

---

* Circuit judge, sitting on the Court of Appeals by assignment.

not be diminished by allowances for good time, special good time, or special parole. The effective date of Proposal B was December 10, 1978.

Since breaking and entering is a crime included in Proposal B, defendant is absolutely barred from any parole consideration until he has served his minimum 3-1/2-year term. Defendant claims that the trial court's failure to inform defendant *sua sponte* of the consequences of Proposal B was error, justifying a new trial. The identical issue raised here has been considered by this Court.[1]

While defendant cites Justice WILLIAMS' dissent in *Guilty Plea Cases,* 395 Mich 96, 147; 235 NW2d 132 (1975), which stated that a defendant must be informed of the major sentence consequences of a guilty plea, this Court is bound by the majority opinion which holds that the court rules do "not require the judge to inform the defendant of all sentence consequences—only the maximum sentence, any mandatory minimum and, * * * if he is on probation or parole, the possible effect on his status as a probationer or parolee". *Id.,* 118. In the present case, the trial court fulfilled all of the requirements of the court rules at the plea-taking hearing.

Although the statute in question had been in effect for more than eight months when defendant pled and has now been in effect nearly two years, the Supreme Court has not modified GCR 1963, 785.7 to require an explanation of the statute as part of the plea taking. Absent direction from the Supreme Court or the Legislature, we will not go beyond the clear requirements of the court rule. *Cf. People v Larkins,* 59 Mich App 199, 202; 229 NW2d 378 (1975), *People v Bennett,* 76 Mich App 264, 267; 256 NW2d 459 (1977).

---

1 *People v Elder,* 104 Mich App 651; 305 NW2d 563 (1981).

Affirmed.

ALLEN and C. L. HOEHN, JJ., concurred.

M. J. KELLY, P.J. *(dissenting).* In *People v Elder,* 104 Mich App 651; 305 NW2d 563 (1981), I noted in dissent the impossibility of informed consent to a guilty plea where the defendant was not told of the Proposal B, MCL 791.233; MSA 28.2303, consequences of his plea. This failure to inform was even more serious in *Elder,* because of the defendant's prior knowledge of the "lifer law" and other information indicating a possible early release. As I view it, this defendant's lack of knowledge of prior sentence-shortening procedures does not alter the basic premise that a defendant cannot make an understanding guilty plea without first being informed of the effect of Proposal B on his ultimate sentence. GCR 1963, 785.7(1)(d).

The requirement that a defendant be told of the maximum and mandatory minimum sentence consequences of a guilty plea, GCR 1963, 785.7(1)(b), (d), has been consistently enunciated by our Supreme Court. The importance of imparting such information was just underscored by the Court's adherence to a rule requiring strict compliance with these provisions, *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), and mandatory reversal where the lower court does not acquiesce. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975). Because of the extreme effect of Proposal B on the sentence of a defendant who pleads guilty to one of its enumerated offenses, I cannot agree that an understanding plea can be made without such information. Simply stated, absent an explanation of the effect of Proposal B, a defendant has no knowledge of "the true minimum time" he will serve. *People v Mitchell,* 102 Mich App 554; 302 NW2d 230 (1980).

The lower court herein treated defendant's motion for new trial as a motion to withdraw his prior guilty plea. I would reverse the trial court's order denying said motion and remand the case to permit defendant to withdraw his guilty plea.