PEOPLE v KING

Docket No. 53410. Submitted September 17, 1981, at Lansing.—Decided November 16, 1981. Leave to appeal applied for.

Carlos D. King was convicted, on his plea of guilty, of armed robbery and possession of a firearm during the commission of a felony, Wayne Circuit Court, Roland L. Olzark, J. Defendant appeals, alleging that the trial court erred by failing to inform him that his minimum sentence could not be reduced by allowances for good time, special good time, or special parole.
*Held:*

The trial court was not required to inform the defendant of all of the sentencing consequences of his plea. By telling the defendant the mandatory minimums he could receive, the trial court complied with the requirements of the court rules governing the taking of guilty pleas. Also, the trial court did not mislead the defendant about the consequences of his plea.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — SENTENCING — STATUTES — COURT RULES.

A trial court is required to inform a defendant who pleads guilty of the maximum and minimum sentence he could receive, but is not required to inform the defendant of all sentencing consequences of the plea, including the fact that, in the case of certain enumerated crimes, the mandatory minimum sentence may not be diminished by allowances for good time, special good time or special parole (MCL 791.233b; MSA 28.2303[3], GCR 1963, 785.7[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCES FOR POINTS IN HEADNOTE

[1] 21 Am Jur 2d, Criminal Law §§ 476, 477.

Court's duty to advise or admonish accused as to consequences of plea of guilty to determine that he is advised thereof. 97 ALR2d 549.

cipal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Sheila N. Robertson,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant Carlos King pled guilty to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm while committing a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to 2 years imprisonment for the felony-firearm charge and 5 to 20 years for the armed robbery charge. He now appeals claiming that the trial court erred, during the plea proceedings, when it failed to inform him of the consequences of Proposal B, MCL 791.233b; MSA 28.2303(3), on his minimum sentence.

In *People v Solomon,* 104 Mich App 695; 305 NW2d 295 (1981), this writer expressed a belief that GCR 1963, 785.7(1)(d) required the trial judge to inform a defendant of the effects of Proposal B on his minimum sentence. Since *Solomon,* this writer has reconsidered his position and has decided that the majority was correct in *Solomon.*

GCR 1963, 785.7(1) requires the trial court to inform the defendant of the maximum and minimum sentence he could receive if he pleads guilty. The rule does not require the trial judge to inform defendant of all the sentencing consequences, *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), *cert den* 429 US 1108 (1977). The trial court complies with the requirement of GCR 1963, 785.7(1)(d) when it tells the defendant the mandatory minimum sentence he could receive under the sentencing statute. Proposal B, MCL 791.233b;

MSA 28.2303(3) does not change this mandatory minimum sentence. It merely requires the defendant to serve the entire minimum sentence.[1]

In this case, the trial court informed defendant of the minimum statutory sentences for the armed robbery and felony-firearm charges. When King pled guilty, he knew what the mandatory minimum sentences were for each charge. Furthermore, the trial judge did not mislead King about the effect of Proposal B on his minimum sentences. Therefore, the trial court did not err when it failed to inform defendant of the effect of Proposal B on his sentence. Defendant's conviction is affirmed.

Affirmed.

---

[1] However, where a defendant has been misled as to the consequences of Proposal B, I feel that reversal is still required. *People v Elder*, 104 Mich App 651; 305 NW2d 563 (1981) (Kelly, J. *dissenting*).