PEOPLE v LAMARR JOHNSON

Docket No. 54630. Submitted September 15, 1981, at Detroit.—Decided November 24, 1981. Leave to appeal applied for.

Lamarr Johnson pled guilty, pursuant to a plea and sentence bargain, to second-degree murder and possession of a firearm during the commission of a felony, Recorder's Court of Detroit, Donald L. Hobson, J. Defendant appeals, alleging that his plea was not voluntary and that the trial court erred by failing to advise him that he could not be placed on probation or earn good time against his prison sentence. *Held:*

1. The alleged errors regarding the voluntariness of the plea are raised for the first time in *ex parte* affidavits filed with the Court of Appeals. Such affidavits may not serve to enlarge the record on appeal.

2. The failure of the trial court to advise the defendant that he could not be placed on probation was not error requiring reversal because the defendant knew that he was going to prison as a part of the sentence bargain.

3. The trial court's failure to advise the defendant that he could not earn good time was error which requires the case to be remanded to allow the defendant to withdraw his plea because he was not informed of the true minimum term which he would serve by virtue of his guilty plea.

Remanded to allow withdrawal of the defendant's plea.

N. J. KAUFMAN, P.J., dissented. He would hold that it is not reversible error for a trial court to fail to inform a defendant who pleads guilty of his inability to earn good time. He would affirm.

OPINION OF THE COURT

1. APPEAL — EX PARTE AFFIDAVITS — RECORD ON APPEAL.
   *Ex parte* affidavits, filed for the first time in the Court of Appeals,

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 528.
[2] 21 Am Jur 2d, Criminal Law § 477.
[3] 21 Am Jur 2d, Criminal Law §§ 473, 476.
[4] 21 Am Jur 2d, Criminal Law § 473.

may not serve to enlarge the record on appeal; therefore, where the record does not factually support allegations a defendant who pled guilty wishes to argue on appeal the defendant must first move to set aside his plea in the trial court.

2. CRIMINAL LAW — GUILTY PLEAS — PROBATION — COURT RULES.

A trial court's failure to advise a defendant at a guilty-plea proceeding that the defendant could not be placed on probation for the offense to which he was pleading was not error requiring reversal where the defendant knew that he was going to prison as part of the sentence bargain (GCR 1963, 785.7[1][f]).

3. CRIMINAL LAW — GUILTY PLEAS — GOOD TIME — STATUTES — COURT RULES.

A defendant pleading guilty is to be informed of the true minimum term which he will serve in prison; therefore, a trial court's failure to inform a defendant that he cannot earn good time upon his conviction for murder is error requiring reversal (MCL 791.233b; MSA 28.2303[3], GCR 1963, 785.7[1][d]).

DISSENT BY N. J. KAUFMAN, P.J.

4. CRIMINAL LAW — GUILTY PLEAS — GOOD TIME — STATUTES — COURT RULES.

*Failure of a trial court to advise a defendant who pleads guilty to a charge of murder that he cannot earn good time to reduce his minimum sentence is not error requiring reversal (MCL 791.233b; MSA 28.2303[3], GCR 1963, 785.7[1][d]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn M. Schmidt,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. Defendant was charged with first-degree murder, possession of a firearm during the commission of a felony, and assault with intent to

commit murder. Pursuant to plea and sentence bargains, defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant's sentence, in accordance with the sentence agreement, was 5 to 15 years on the second-degree murder charge and the statutorily mandated two years on the felony-firearm charge.

Defendant appeals as of right and asserts first that his plea was not voluntary, and, hence, reversal is mandated. We do not agree.

Our review of the record indicates that the errors claimed by the defendant are raised for the first time on appeal by *ex parte* affidavits. This Court has addressed the practice of supplementing the appellate record by affidavit in *People v Serr,* 73 Mich App 19; 250 NW2d 535 (1976), *People v Boone,* 68 Mich App 650; 244 NW2d 4 (1976), and *People v Nelson Johnson,* 58 Mich App 473; 228 NW2d 429 (1975). In each case, our Court has concluded that *ex parte* affidavits, filed for the first time in the appellate court, may not serve to enlarge the record. *Johnson, supra,* 478. Where the record does not factually support the allegations defendant wishes to argue on appeal, he must first move to set aside the plea in the trial court. *Boone, supra,* 652. The integrity of the record made at the plea proceeding cannot be challenged on appeal where the trial court has complied with the provisions of GCR 1963, 785.7. *Serr, supra,* 29-30.

We note also that the plea record contains defendant's testimony that he was satisfied with his attorney's services. In light of this record, defendant's claim on appeal of an involuntary plea based on incompetence of counsel is without merit.

Second, defendant asserts that the trial court reversibly erred in failing to advise him that he could not be placed on probation upon his plea to second-degree murder. GCR 1963, 785.7(1)(f). *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), is controlling on this issue. The *Freeman* Court reasoned it was not reversible error when Rule 785.7(1)(f) was not strictly complied with if defendant knew before pleading that he was going to prison. We conclude that in this case, because defendant knew he was going to prison as part of the sentence bargain, the court's failure to instruct defendant on his ineligibility for probation was not reversible error.

Finally, defendant alleges that the trial court should have told defendant that he could not earn good time upon his conviction for murder under Proposal B, MCL 791.233b; MSA 28.2303(3).

The purpose of GCR 1963, 785.7(1)(d) is to inform a defendant of the minimum term he will serve in prison so that his guilty plea will be premised on the conscious awareness of the plea consequences. We agree with defendant that it would not be possible for this defendant to have known the minimum sentence he would have to serve unless he was advised of the mandatory requirements of Proposal B. While this legislation was enacted in 1978, subsequent to *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), and our Supreme Court has not spoken to this issue, the thrust of their opinions which have defined the parameters of the mandatory sentencing rule is that the defendant must be made aware, by the court, of the true minimum term he will serve by virtue of his plea. *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), and *People v Mitchell,* 102 Mich App 554; 302 NW2d 230 (1980). That requirement was not met here.

We remand this cause to the trial court to permit defendant to withdraw his guilty plea.

N. J. KAUFMAN, P.J. *(dissenting).* I respectfully dissent. Although I believe it is preferable for a trial court to warn a pleading defendant of the impact of Proposal B, I would not hold that it is reversible error to fail to do so. I agree with the majority opinions in *People v Elder,* 104 Mich App 651, 654; 305 NW2d 563 (1981), and *People v Solomon,* 104 Mich App 695, 697; 305 NW2d 295 (1981), that the imposition of any additional requirements on plea-taking courts should come from the Legislature or the Supreme Court.

I would affirm defendant's conviction and sentence.