PEOPLE v HADLEY

Docket No. 56472. Submitted December 10, 1981, at Detroit.—Decided
March 4, 1982.

Gregory D. Hadley pled guilty in Macomb Circuit Court to
charges of attempted breaking and entering of an occupied
dwelling and was sentenced, John G. Roskopp, J. Defendant
appeals, challenging the validity of his plea on the ground that
the trial court failed to inform him prior to acceptance of his
plea that the minimum prison term of any sentence he received
could not be diminished by parole or by allowance for good
time, special good time, or special parole. *Held:*

Defendant pled guilty to a felony which requires service of
the minimum term imposed before a defendant will be eligible
for parole through credit for good time, special good time, or
special parole. A trial court errs in failing to inform the
defendant as to the consequences of a plea to such a felony only
if there is a sentence bargain with the judge, as distinguished
from a bargain for a prosecutor's recommendation, or if the
record establishes that the defendant was misled as to the
effect of his plea to such a felony. There was no sentence
agreement in this case and the record does not establish that
the defendant was misled as to the effect of his plea.

Affirmed.

CYNAR, J., concurred with the majority's affirmance but,
while he finds it preferable for a trial court to warn a pleading
defendant of the consequences of his plea in a case where there
is no eligibility for parole before service of the minimum term
imposed, he disagrees with the proposition that a failure to
inform a defendant of the consequences of pleading guilty to a
crime requiring service of a minimum term before being eligi-
ble for parole calls for reversal where a sentence bargain has
been made with the trial court. He is also of the opinion that

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 473.
Court's duty to advise or admonish accused as to consequences of
plea of guilty, ot to determine that he is advised thereof. 97
ALR2d 549.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 476, 477.

any additional requirements on plea-taking courts should come from the Legislature or the Supreme Court.

### OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — PLEA-TAKING PROCEDURES.
   The court rules do not require a trial court to inform a defendant of all the sentencing consequences of a guilty plea.

2. CRIMINAL LAW — GUILTY PLEAS — PLEA-TAKING PROCEDURES.
   A trial court errs in failing to inform a defendant as to the consequences of pleading guilty to a crime which requires service of the minimum term imposed before there can be eligibility for parole only if there is a sentence bargain with the judge, as distinguished from a bargain for a prosecutor's recommendation, or if the record establishes that the defendant was misled as to the effect of his plea to such a crime (MCL 791.233b; MSA 28.2303[3]).

### CONCURRENCE BY CYNAR, J.

3. CRIMINAL LAW — GUILTY PLEAS — PLEA-TAKING PROCEDURES.
   *Failure by a trial court to inform a defendant of the sentencing consequences of a guilty plea to a crime which requires service of the minimum term imposed before there can be eligibility for parole does not necessarily call for reversal of the defendant's conviction where a sentence bargain has been made with the trial court.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Joseph G. Wetzel,* Assistant Prosecuting Attorney, for the people.

*William J. McGrail, Jr.,* for defendant on appeal.

Before: D. C. RILEY, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. Defendant pled guilty to attempted breaking and entering of an occupied dwelling, MCL 750.110; MSA 28.305, MCL 750.92; MSA 28.287. Pursuant to a plea agreement, three other

charges were dismissed. There was no sentence agreement.

On appeal, defendant challenges the validity of his plea on the ground that the trial court failed to inform him, prior to acceptance of his plea, that the minimum prison term of any sentence he received could not be diminished by parole or by allowances for good time, special good time, or special parole. Defendant pled guilty to a felony covered by Ballot Proposal B, MCL 791.233b; MSA 28.2303(3). He contends that the trial court failed to comply with GCR 1963, 785.7(1)(d) because it did not inform him of the Proposal B consequences of his plea.

Most panels of this Court that have addressed this question have declined to impose such a requirement on trial judges. See, *e.g., People v Richards,* 106 Mich App 16, 17; 307 NW2d 692 (1981), *People v Solomon,* 104 Mich App 695, 696-697; 305 NW2d 295 (1981).

Recently, however, in *People v Lamarr Johnson,* 111 Mich App 666; 314 NW2d 655 (1981), a panel of this Court held that failure to inform a defendant of the consequences of Proposal B is reversible error where a sentence bargain is involved.

Since *Lamarr Johnson,* some members of this Court have retreated from their opinion that the trial judge is required to inform a defendant of the sentencing consequences of Proposal B. See *People v King,* 111 Mich App 363; 314 NW2d 622 (1981). Upon reconsideration of the issue, in light of the fact that the court rules do not require the trial judge to inform defendant of all the sentencing consequences, *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), and the Supreme Court has not amended GCR 1963, 785.7 to require instruction on the implications of Proposal B, *People v*

*Elder,* 104 Mich App 651; 305 NW2d 563 (1981), *lv den* 412 Mich 866 (1981), we conclude that the trial court errs in failing to inform the defendant as to the consequences of Proposal B only if there is a sentence bargain with the judge, as distinguished from a bargain for a prosecutor's recommendation, or if the record establishes that the defendant was misled as to the effect of Proposal B. See *King, supra,* fn 1.

We decline to extend the *Lamarr Johnson* rationale to situations involving only a plea bargain. Where a sentence bargain has been struck, it is much more important for a defendant to understand that he must serve every day of his minimum sentence.

Affirmed.

CYNAR, J. *(concurring).* While I concur to affirm, I respectfully indicate a preference for the reasoning in Judge KAUFMAN's dissenting opinion in *People v Lamarr Johnson,* 111 Mich App 666; 314 NW2d 655 (1981). Furthermore, I disagree with the proposition that a failure to inform a defendant of Proposal B consequences, MCL 791.233b; MSA 28.2303(3), calls for reversal where a sentence bargain has been made with the trial court, and I note that the instant case does not present such a question.