PEOPLE v GOOCH

Docket No. 56955. Submitted January 13, 1982, at Detroit.—Decided
    March 18, 1982.

Richard D. Gooch was convicted, on his plea of guilty, of breaking
    and entering an unoccupied dwelling, Monroe Circuit Court,
    Daniel L. Sullivan, J. Defendant appeals, alleging that the trial
    court erred when it failed to inform him that his minimum
    sentence could not be reduced by allowances for good time,
    special good time, or special parole. *Held:*

The trial court was not required to inform the defendant of
    all the sentencing consequences of his plea. The court complied
    with the court rule governing the taking of guilty pleas and the
    defendant was not misled as to the consequences of his plea.
    Affirmed.

D. C. RILEY, J., concurred for the reason that a trial court
    errs in not informing a defendant of the sentencing conse-
    quences only where there is a sentence bargain with the judge,
    as distinguished from a bargain for a prosecutor's recommenda-
    tion, or where the defendant has been misled as to the sentenc-
    ing consequences of his plea.

CRIMINAL LAW — GUILTY PLEAS — SENTENCING — STATUTES — COURT
    RULES.

A trial court is required to inform a defendant who pleads guilty
    of the maximum and minimum sentence he could receive, but
    is not required to inform the defendant of all sentencing
    consequences of the plea, including the fact that, in the case of
    certain enumerated crimes, the mandatory minimum sentence
    may not be diminished by allowances for good time, special
    good time or special parole (MCL 791.233b; MSA 28.2303[3];
    GCR 1963, 785.7[1][d]).

REFERENCES FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 472, 476.
    60 Am Jur 2d, Penal and Correctional Institutions § 58.
    Court's duty to advise or admonish accused as to consequences of
        plea of guilty, or to determine that he is advised thereof. 97
        ALR2d 549.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *Kenneth M. Swinkey,* Assistant Prosecuting Attorney, for the people.

*Herb Jordan,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and D. C. RILEY, JJ.

M. J. KELLY, J. Defendant Richard Gooch pled guilty to breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305. He was sentenced to from four to ten years imprisonment. Defendant appeals, claiming the trial court failed to comply with GCR 1963, 785.7(1)(d) when it did not inform him of the sentencing consequences of Proposal B, MCL 791.233b; MSA 28.2303(3).

The Court first addressed this issue in *People v Elder,* 104 Mich App 651; 305 NW2d 563 (1981), *lv den* 412 Mich 866 (1981). The Court noted that GCR 1963, 785.7 did not require the trial judge to tell the defendant about the effects of Proposal B on a defendant's sentence prior to accepting his guilty plea. *Id.,* 653. The Court also noted that the Supreme Court had not amended GCR 1963, 785.7 to require an instruction on Proposal B. *Id.,* 654. Therefore, the Court refused to reverse defendant's conviction. This same result was reached in *People v Solomon,* 104 Mich App 695; 305 NW2d 295 (1981).

In both *Elder* and *Solomon,* I dissented, expressing the opinion that the trial judge was required to inform defendant of the sentencing consequences of Proposal B. In *People v King,* 111 Mich App 363; 314 NW2d 622 (1981), on reanalysis of the position taken in *Solomon, supra,* I concluded

that the trial judge did not violate GCR 1963, 785.7 where he failed to inform defendant of the sentencing consequences of Proposal B.[1]

Another panel of this Court has recently reached a different conclusion. In *People v Lamarr Johnson,* 111 Mich App 666; 314 NW2d 655 (1981), two judges ruled that it would be impossible for the defendant to have known the minimum sentence unless he was advised of the mandatory requirements of Proposal B. They reversed defendant's conviction because the trial court had not advised defendant of the sentencing consequences of Proposal B. Judge KAUFMAN dissented, citing *Elder, supra,* and *Solomon, supra.*

For the reasons expressed in *King, supra,* defendant's conviction is affirmed.

CYNAR, P.J., concurred.

Judge RILEY concurs for the reasons stated in *People v Hadley,* 114 Mich App 117; 318 NW2d 625 (1982).

---

[1] Where a defendant has been misled as to the consequences of Proposal B, I feel that reversal is still required. *Elder, supra,* 656 (KELLY, J., *dissenting).* In this case, defendant has failed to show that he was misled.