PEOPLE v JOHNSON

Docket No. 68440. Decided June 14, 1982. On application by the people for leave to appeal and by the defendant for leave to cross-appeal, the Supreme Court, in lieu of granting the applications, reversed the judgment of the Court of Appeals and remanded the case to the Recorder's Court of Detroit for an evidentiary hearing.

Lamarr Johnson pled guilty to charges of second-degree murder and possession of a firearm during the commission of a felony in the Recorder's Court of Detroit, Donald L. Hobson, J. The defendant appealed to the Court of Appeals and moved to remand the case for an evidentiary hearing on his claim of ineffective assistance of counsel. The motion was denied for lack of merit. The Court of Appeals, R. M. Maher and D. C. Riley, JJ. (N. J. Kaufman, P.J., dissenting), in an opinion per curiam, rejected the defendant's claim of ineffective assistance of counsel as being unsupported by the record, but found that the trial court had erred in failing to advise the defendant that one of the consequences of his plea was that he would not be eligible for parole until the minimum term of his sentence was served and remanded the case to the trial court to permit the defendant to withdraw his plea (Docket No. 54630). The people apply for leave to appeal, and the defendant applies for leave to cross-appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

1. The court rule which governs procedures to be followed in accepting a guilty plea does not require the trial court to advise a defendant relative to the consequences of the statute proscribing eligibility for parole until the minimum term of a sentence imposed for second-degree murder or possession of a firearm during the commission of a felony is served, or other potential sentence consequences such as consecutive sentences. The Court of Appeals erred in reading that requirement into the court rule.

2. The defendant's motion for remand was timely filed, identified an issue for which review was sought, and demonstrated that a testimonial record had to be developed to support the issue. The Court of Appeals erred in denying his motion.

Accordingly, in lieu of granting leave to appeal to either party, the judgment of the Court of Appeals is reversed, and the case is remanded to the Recorder's Court of Detroit for an evidentiary hearing on the defendant's claim of ineffective assistance of counsel. Upon completion of the hearing, the record shall be forwarded to the Court of Appeals for review.

Reversed and remanded.

111 Mich App 666; 314 NW2d 655 (1981) reversed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs* for defendant.

PER CURIAM. The Court of Appeals remanded this case to the trial court to allow the defendant to withdraw his pleas of guilty of second-degree murder and possession of a firearm during the commission of a felony because the trial judge who accepted the pleas failed to advise him of the consequences of MCL 791.233b; MSA 28.2303(3), popularly known as "Proposal B".[1] GCR 1963, 785.7 does not require the trial judge to give such advice, and we reverse the judgment of the Court of Appeals.

## I

The defendant was originally charged in a three-count information with first-degree murder, felony-firearm, and assault with intent to murder. Ultimately, he pled guilty to a reduced charge of

---

[1] By virtue of this initiated measure, a person who is convicted and sentenced for the commission of any of the offenses enumerated therein is not eligible for parole until he or she has served the minimum sentence imposed by the court, undiminished by allowance for good time, special good time, or special parole.

second-degree murder, MCL 750.317;, MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2). The sentence was 2 years for the felony-firearm conviction, followed by a 5- to 15-year term for second-degree murder.

Appointed counsel filed a claim of appeal in the Court of Appeals and timely filed a motion to remand the case pursuant to GCR 1963, 817.6 to permit an evidentiary hearing on the defendant's claim of ineffective assistance of counsel. The motion was not acted upon until after the brief on appeal was filed, and then was denied for lack of merit on the grounds presented.

In a per curiam opinion, the Court of Appeals rejected the ineffective assistance of counsel argument as being unsupported on the record, but found that the trial judge had erred under GCR 1963, 785.7(1)(d) in failing to advise the defendant of the consequences of his plea in light of MCL 791.233b; MSA 28.2303(3). The Court of Appeals remanded the case to the trial court "to permit the defendant to withdraw his guilty plea". 111 Mich App 666, 670; 314 NW2d 655 (1981).

The prosecutor filed an application for leave to appeal and a motion for immediate consideration in this Court to seek review of the Court of Appeals ruling. The defendant also seeks leave to appeal as cross-appellant as to the refusal of the Court of Appeals to grant his motion to remand.

## II

In concluding that GCR 1963, 785.7 mandates advice as to the consequences of Proposal B, the Court of Appeals majority stated:

"The purpose of GCR 1963, 785.7(1)(d) is to inform a defendant of the minimum term he will serve in prison so that his guilty plea will be premised on the conscious awareness of the plea consequences. We agree with defendant that it would not be possible for this defendant to have known the minimum sentence he would have to serve unless he was advised of the mandatory requirements of Proposal B. While this legislation was enacted in 1978 subsequent to *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), and our Supreme Court has not spoken to this issue, the thrust of their opinions which have defined the parameters of the mandatory sentencing rule is that the defendant be made aware, by the court, of the true minimum term he will serve by virtue of his plea. *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), and *People v Mitchell,* 102 Mich App 554; 302 NW2d 230 (1980). That requirement was not met here."

GCR 1963, 785.7 does not require advice as to the consequences of Proposal B. Nor does the rule presently require advice as to other potential sentence consequences such as consecutive sentencing. Since that is the case, the trial judge can scarcely be found to have failed to comply with GCR 1963, 785. In *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), we stated:

"The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences [sentencing]."

The Court of Appeals erred in reading this requirement into the court rule.

## III

In his application for leave to appeal as cross-appellant, the defendant contends that the Court of Appeals erred in refusing to grant his timely motion for remand filed pursuant to GCR 1963,

817.6.[2] We agree. The motion was timely filed, identified an issue sought to be reviewed on appeal, and demonstrated that a testimonial record had to be developed to support the issue.

## IV

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting the people leave to appeal and the defendant leave to appeal as cross-appellant, we reverse the judgment of the Court of Appeals but remand the case to the Recorder's Court for the City of Detroit for an evidentiary hearing concerning defendant's contention that he was denied the effective assistance of counsel in conjunction with the guilty-plea proceeding. Upon completion of the hearing, the record shall be forwarded to the Court of Appeals. The Court of Appeals shall thereafter address this issue.

We do not retain jurisdiction.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[2] GCR 1963, 817.6 provides:

"Motion to Remand. Within the time provided for filing the appellant's brief (Rule 815.1[1]), appellant may move to remand to the trial court. A timely motion must be granted if it:

"(1) identifies an issue sought to be reviewed on appeal, and shows that a testimonial record must be developed to support the issue or that the issue should be initially decided by the trial judge; or

"(2) is accompanied by a certificate from the trial judge that he will grant a motion for new trial."