PEOPLE v ARMSTRONG

Docket No. 57377. Submitted April 8, 1982, at Detroit.—Decided August 24, 1982.

Joseph Armstrong pled guilty in Wayne Circuit Court to charges of second-degree murder and possession of a firearm during the commission of a felony and was sentenced, Roman S. Gribbs, J. Defendant appeals, contending that his plea was not valid because the trial court failed to inform him prior to the acceptance of his plea that the minimum sentence he received for second-degree murder·could not be diminished by parole or by allowances for good time, special good time, or special parole. *Held:*

A trial court is not required to inform a defendant charged with a crime requiring service of a minimum term before parole that the minimum term cannot be diminished by allowances for good time, special good time, or special parole prior to accepting the defendant's guilty plea.

Affirmed.

Criminal Law — Guilty Pleas — Sentencing — Court Rules.

A trial court is not required to inform a defendant charged with a crime requiring service of a minimum term before there can be eligibility for parole that the minimum term cannot be diminished by parole or by allowances for good time, special good time, or special parole prior to accepting the defendant's guilty plea (MCL 791.233b; MSA 28.2303[3]; GCR 1963, 785.7).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Reference for Points in Headnote
21 Am Jur 2d, Criminal Law §§ 476, 477.

Before: ALLEN, P.J., and D. C. RILEY and R. R. FERGUSON,* JJ.

R. R. FERGUSON, J. Defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony. MCL 750.227b; MSA 28.424(2). As the result of a sentencing agreement, he was sentenced to the mandatory term of two years imprisonment for the felony-firearm conviction and to a term of from 12 to 20 years imprisonment for the murder conviction.

Defendant contends that his plea is not valid for the reason that the trial court failed to inform him, prior to acceptance of his plea, that the minimum sentence he received for second-degree murder could not be diminished by parole or by allowances for good time, special good time, or special parole. MCL 791.233b; MSA 28.2303(3) (Proposal B). The Supreme Court has most recently held that GCR 1963, 785.7 does not require the trial court to advise a defendant of the consequences of Proposal B. *People v Johnson,* 413 Mich 487; 320 NW2d 876 (1982). Prior to that decision, several panels of this Court held likewise. See, *e.g., People v Elder,* 104 Mich App 651; 305 NW2d 563 (1981), *lv den* 412 Mich 866 (1981), *People v Solomon,* 104 Mich App 695; 305 NW2d 295 (1981), *People v Richards,* 106 Mich App 16; 307 NW2d 692 (1981), *People v King,* 111 Mich App 363, 364; 314 NW2d 622 (1981).

Affirmed.

* Circuit judge, sitting on the Court of Appeals by assignment.