PEOPLE v LEAHY

Docket No. 62200. Submitted September 15, 1982, at Detroit.—Decided October 7, 1982.

Stan Robert Leahy was convicted, on his plea of guilty, of criminal sexual conduct in the third degree and armed robbery, Detroit Recorder's Court, Michael F. Sapala, J., and was sentenced to concurrent terms of 5 to 15 years imprisonment. Defendant appeals alleging error in the trial court's failure to advise him of his right against self-incrimination prior to its interrogation of him concerning the factual basis of his plea and in failing to advise him of the consequences of his sentence regarding his eligibility for parole. *Held:*

1. The court rule regarding pleas of guilty does not require the trial court to advise the defendant of his right against self-incrimination prior to questioning him concerning the factual basis of his plea. However, the rule requires the court to inform the defendant, prior to its acceptance of the plea, that if the plea is accepted he gives up certain rights, including the right to remain silent.

2. The record clearly reflects that the trial court informed defendant of his right to remain silent and sufficiently advised defendant that, by pleading guilty, he was waiving his right to remain silent.

3. The trial court was not required to advise the defendant that he would not be eligible for parole until he had served the minimum sentence imposed by the court, undiminished by allowance for good time, special good time, or special parole.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — RIGHT TO SILENCE — SELF-INCRIMINATION — COURT RULES.

The court rule regarding pleas of guilty requires a trial court to

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 473, 711, 943.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 477.

inform the defendant, prior to its acceptance of the plea, that if the plea is accepted he gives up certain rights, including the right to remain silent; the rule does not require the court to advise the defendant of his right against self-incrimination prior to its interrogation of the defendant concerning the factual basis of his plea (GCR 1963, 785.7[g]).

2. CRIMINAL LAW — GUILTY PLEAS — PAROLE — COURT RULES.

The court rule regarding pleas of guilty does not require a trial court to advise a defendant prior to acceptance of his plea of guilty to criminal sexual conduct in the third degree and armed robbery that the defendant would not be eligible for parole until he has served the minimum sentence imposed by the court, undiminished by allowance for good time, special good time, or special parole (MCL 791.233b; MSA 28.2303[3]; GCR 1963, 785.7).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *John A. Scavone,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted, on his plea of guilty, of criminal sexual conduct in the third degree, MCL 750.520d; MSA 28.788(4), and armed robbery, MCL 750.529; MSA 28.797. Thereafter, the trial court sentenced defendant to concurrent terms of 5 to 15 years imprisonment. Defendant appeals as of right.

On appeal, defendant's first allegation of error concerns the trial court's failure to advise him of his right against self-incrimination prior to its interrogation of him concerning the factual basis of his plea.

We note initially that the court rule governing

pleas of guilty, GCR 1963, 785.7, does not impose such a requirement. Although it is true that GCR 1963, 785.7(g) requires the trial court to inform the defendant, prior to its acceptance of the plea, that if the plea is accepted he or she gives up certain rights, including the right to remain silent, the record clearly reflects that, in the case at bar, the trial court informed defendant of his right to remain silent. In this regard, the trial judge informed the defendant as follows:

"*The Court:* Do you understand if you went to trial, you have a right to remain silent; that means if you didn't testify or present any evidence whatsoever, there is no one who could say that you were guilty because you didn't testify or present evidence?

"Do you understand that?

"*Defendant Leahy:* Yes."

These statements by the trial judge sufficiently advised defendant that, by pleading guilty, he was waiving his right to remain silent. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Defendant also contends that the trial court erred in failing to advise him of the sentence consequences of MCL 791.233b; MSA 28.2303(3), popularly known as "Proposal B". That statute provides that any person who is convicted and sentenced for the commission of any of the offenses enumerated therein, which include criminal sexual conduct in the third degree and robbery armed, is not eligible for parole until he or she has served the minimum sentence imposed by the court, undiminished by allowance for good time, special good time, or parole.

Until recently, there was a split of authority among the various panels of this Court as to

whether the provision of GCR 1963, 785.7(1)(d), which requires that the court inform a defendant of any mandatory minimum prison sentence prior to accepting a plea of guilty, also requires that the defendant be advised of the mandatory requirements of Proposal B. Compare, *People v Solomon,* 104 Mich App 695; 305 NW2d 295 (1981), with *People v Mitchell,* 102 Mich App 554; 302 NW2d 230 (1980).

The split of authority has been resolved by the Supreme Court's unanimous opinion in *People v Johnson,* 413 Mich 487, 490; 320 NW2d 876 (1982), wherein the Court held that "GCR 1963, 785.7 does not require advice as to the consequences of Proposal B". We are governed by this holding and, therefore, must conclude that the trial court did not err in failing to so advise defendant.

Affirmed.